J-A22015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: J.J. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.J. | |
| | No. 327 MDA 2016 |

Appeal from the Order Entered February 12, 2016
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2016-0566

BEFORE: GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED AUGUST 30, 2016**

Appellant J.J. appeals from the order of the Centre County Court of Common Pleas ordering that he be committed to outpatient treatment through SunPointe Health, or other designated program approved by the treatment team and Centre County MH/ID, for a period not to exceed 90 days. We affirm.

On February 10, 2016, a petition for involuntary mental health treatment under Section 304 of the Mental Health Procedures Act of 1976 seeking the involuntary commitment of J.J. was filed. On February 11, 2016, a mental health review officer conducted a commitment hearing. That same day, the officer recommended that the court commit J.J. to involuntary outpatient treatment for a period not to exceed 90 days. On February 12, 2016, the trial court ordered that J.J. be committed to outpatient treatment

for a period not to exceed 90 days. On February 16, 2016, J.J. filed a petition for review of certification to involuntary mental health treatment. On February 17, 2016, the trial court denied the petition. On February 24, 2016, J.J. filed a timely notice of appeal.[1] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue on appeal:

> Whether the state lacked sufficient evidence to justify a commitment under the Mental Health Procedures Act as it presented no evidence of overt acts which would support a reasonable conclusion that death or serious physical debilitation or serious bodily injury were likely imminent if Appellant were not forced to undergo psychiatric treatment?

Appellant's Brief at 4.

"In reviewing a trial court order for involuntary commitment, we must determine whether there is evidence in the record to justify the court's findings." *In re T.T.*, 875 A.2d 1123, 1126 (Pa.Super.2005) (quoting *Commonwealth ex rel. Gibson v. DiGiacinto*, 439 A.2d 105, 107 (Pa.1981)). "Although we must accept the trial court's findings of fact that have support in the record, we are not bound by its legal conclusions from those facts." *Id.*

The Mental Health Procedures Act provides:

---

[1] Although Appellant's 90-day period of involuntary commitment has ended, Appellant's issue is not moot because it is capable of repetition and may evade review. *See In re Woodside*, 699 A.2d 1293, 1296 (Pa.Super.1997).

**§ 7304. Court-ordered involuntary treatment not to exceed ninety days**

**(a) Persons for Whom Application May be Made.**--(1) A person who is severely mentally disabled and in need of treatment, as defined in section 301(a), may be made subject to court-ordered involuntary treatment upon a determination of clear and present danger under section 301(b)(1) (serious bodily harm to others), or section 301(b)(2)(i) (inability to care for himself, creating a danger of death or serious harm to himself), or 301(b)(2)(ii) (attempted suicide), or 301(b)(2)(iii) (self-mutilation).

50 P.S. § 7304. Pursuant to the Act:

A person is severely mentally disabled when, as a result of mental illness, his capacity to exercise self-control, judgment and discretion in the conduct of his affairs and social relations or to care for his own personal needs is so lessened that he poses a clear and present danger of harm to others or to himself.

50 P.S. § 7301(a). Pursuant to section 7301(b)(2)(i), clear and present danger to himself can be shown by establishing that within the past 30 days:

(i) the person has acted in such manner as to evidence that he would be unable, without care, supervision and the continued assistance of others, to satisfy his need for nourishment, personal or medical care, shelter, or self protection and safety, and that there is a reasonable probability that death, serious bodily injury or serious physical debilitation would ensue within 30 days unless adequate treatment were afforded under this act.

50 P.S. 7301(b)(2).

"It is well-settled that involuntary civil commitment of mentally ill persons constitutes deprivation of liberty and may be accomplished only in accordance with due process protections." *In re R.D.*, 739 A.2d 548, 554 (Pa.Super.1999) (quoting *In re Hutchinson*, 454 A.2d 1008, 1010

(Pa.1982)).  "The appropriate standard of proof for certification of extended involuntary treatment is clear and convincing evidence." ***In re Hancock***, 719 A.2d 1053, 1056-57 (Pa.Super.1998).  "Requiring clear and convincing evidence that an individual represents a clear and present danger to himself or others places the burden squarely on the facility or individual attempting to commit the individual involuntarily." ***Id.***

The trial court found the following:

> Here, the [c]ourt is satisfied that Petitioner had sufficient evidence to justify a commitment under the Mental Health Procedures Act.  At the hearing, Dr. Timothy Derstine, Appellant's treating psychiatrist, testified that Appellant suffers from schizoaffective disorder bipolar type.
>
> Dr. Derstine testified that Appellant currently poses a danger to himself because of nonadherence to his treatment.  Without his medication, Appellant is not safe, and is unable to meet his basic needs without the care and assistance of others.  Dr. Derstine explained that without the requested treatment, there is a reasonable probability that Appellant's deterioration will lead to disability and debilitation within thirty days as a result of his mental illness.
>
> The Court accepts Dr. Derstine's testimony as credible and persuasive.  He has been treating Appellant for approximately four years, and recognizes that Appellant is currently below his experienced psychiatric baseline.  Dr. Derstine also recognizes a pattern of deterioration that involves missed appointments and medication, recurrent phone calls to the office, followed by hospitalization.
>
> Appellant's condition has worsened in the past 30 days. Appellant was hospitalized, where he received an injection of his medication.  Dr. Derstine explained that Appellant is in a period of vulnerability of relapse because his medication requires an oral and injectable component.

> Appellant's candid testimony supports his need for treatment. Appellant was unable to answer direct questions, and his testimony indicates that he would not continue the necessary treatment. Dr. Derstine testified that each time there is a decomposition it is more difficult to return to the previous baseline, and it can take up to nine months to return to that baseline, if at all. Such facts support a reasonable conclusion that physical debilitation or disability were likely imminent if Appellant was not ordered to undergo treatment.
>
> For the forgoing reasons, the [c]ourt maintains that its Order of March 7, 2016 was properly entered and respectfully requests that its decision not be disturbed.

1925(a) Opinion, 3/21/2016, at 2-3.

Further, contrary to Appellant's argument, the petitioner did not need to establish an overt act that occurred. Rather, when involuntary treatment is based on section 7301(b)(2), there need not be an overt act. *See In re S.C.*, 421 A.2d 853, 857 (Pa.Super.1980) ("If no overt act is shown, commitment may only be justified if: '... the person has acted in such manner as to evidence that he would be unable, without care, supervision and the continued assistance of others, to satisfy his need for nourishment, personal or medical care, shelter, or self-protection and safety, and that there is a reasonable probability that death, serious bodily injury or serious physical debilitation would ensue within 30 days unless adequate treatment were afforded under the act.' 50 P.S. § 7301(b)(2)"); *In Re S.B.*, 777 A.2d 454, 457-59 (Pa.Super.2000).

The record supports the trial court's finding that clear and convincing evidence established that physical debilitation or disability were likely if Appellant did not undergo treatment.

- 5 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/30/2016