J-S60029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: M.G. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.G. | No. 1142 MDA 2019 |

Appeal from the Order Entered June 25, 2019
In the Court of Common Pleas of Centre County
Civil Division at No: 19-2142

BEFORE:  SHOGAN, STABILE, and PELLEGRINI,* JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 27, 2020**

Appellant, M.G., appeals from the June 25, 2019 order directing him to undergo involuntary inpatient treatment pursuant to § 303 of the Mental Health Procedures Act ("MPHA"), 51 P.S. § 7303, 1976 P.L. 817, as amended. We affirm.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> [State Correctional Institution ("SCI")] Rockview psychiatrist, Dr. Rashid Chaudry, M.D., testified that Appellant suffers from Unspecified Schizophrenia Spectrum Disorder, and has not taken his prescribed medication, Zyprexa.  Appellant was referred to the Mental Health Unit at SCI-Rockview after he attempted to commit suicide while at [SCI] Phoenix.  Appellant has had multiple suicide attempts in the past, and Dr. Chaudry testified that any future suicide attempts could be more lethal than the last.  At the time of the hearing, personnel at the Mental Health

---

* Retired Senior Judge assigned to the Superior Court.

Unit were still trying to assess Appellant because Appellant denied he attempted suicide, denied his history of mental illness, and was not willing to be forthcoming with information regarding his recent or past suicide attempts. Dr. Chaudry concluded Appellant was a danger to himself.

Trial Court Opinion, 9/6/19, at 3.

In the suicide attempt at issue, prison authorities found string hanging from a vent in Appellant's cell. N.T. Hearing, 6/17/19, at 12. Appellant testified that he did not intend to attempt to hang himself, and that the string may have been left there by cell's prior occupant. *Id.* at 12-13.

Section 303, as pertinent here, authorizes involuntary emergency treatment for a person already subject to treatment under § 302[1] whenever the necessary treatment is likely to extend beyond 120 hours. 51 P.S. § 7303(a). To impose involuntary treatment under Section 303, the trial court must find by clear and convincing evidence that the subject is severely mentally disabled. *In re S.B.*, 777 A.2d 454, 456 (Pa. Super. 2000). Section 301 of the MHPA provides that a person is severely mentally disabled when, among other things, he is a clear and present danger to himself:

> (2) Clear and present danger to himself shall be shown by establishing that within the past 30 days:
>
> […]
>
> (ii) the person has attempted suicide and that there is the reasonable probability of suicide unless adequate treatment is afforded under this act. For the purposes of this subsection, a clear and present danger may be demonstrated by the proof that the

---

[1] 51 P.S. § 7302. Appellant does not dispute that he was subject to treatment under § 7302.

person has made threats to commit suicide and has committed acts which are in furtherance of the threat to commit suicide[.]

51 P.S. § 7301(b)(2)(ii). On appeal, we must determine whether the record adequately supports the trial court's findings. ***Commonwealth ex rel. Gibson v. DiGiacinto***, 439 A.2d 105, 107 (Pa. 1981).

The record in this case confirms that Appellant has attempted suicide on multiple occasions, and Dr. Chaudry opined that Appellant was likely to succeed unless he was treated. Regardless of Appellant's denials, and his claim that he was not responsible for the string hanging from the vent in his cell, the record plainly supports the trial court's order.

We have reviewed the parties' briefs, the applicable law, the record of the June 7, 2019 hearing, and the trial court's opinion. We affirm the order based on the trial court's well-reasoned opinion. We direct that a copy of that opinion be filed along with this memorandum.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/27/2020