J-S60029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: M.G. | IN THE SUPERIOR COURT |
| --- | --- |
| | OF PENNSYLVANIA |
| APPEAL OF: M.G. | |
| | No. 1142 MDA 2019 |

Appeal from the Order Entered June 25, 2019
In the Court of Common Pleas of Centre County
Civil Division at No: 19-2142

BEFORE:  SHOGAN, STABILE, and PELLEGRINI,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 27, 2020**

Appellant, M.G., appeals from the June 25, 2019 order directing him to undergo involuntary inpatient treatment pursuant to § 303 of the Mental Health Procedures Act ("MPHA"), 51 P.S. § 7303, 1976 P.L. 817, as amended. We affirm.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> [State Correctional Institution ("SCI")] Rockview psychiatrist, Dr. Rashid Chaudry, M.D., testified that Appellant suffers from Unspecified Schizophrenia Spectrum Disorder, and has not taken his prescribed medication, Zyprexa. Appellant was referred to the Mental Health Unit at SCI-Rockview after he attempted to commit suicide while at [SCI] Phoenix. Appellant has had multiple suicide attempts in the past, and Dr. Chaudry testified that any future suicide attempts could be more lethal than the last. At the time of the hearing, personnel at the Mental Health

_____

[*] Retired Senior Judge assigned to the Superior Court.

Unit were still trying to assess Appellant because Appellant denied he attempted suicide, denied his history of mental illness, and was not willing to be forthcoming with information regarding his recent or past suicide attempts. Dr. Chaudry concluded Appellant was a danger to himself.

Trial Court Opinion, 9/6/19, at 3.

In the suicide attempt at issue, prison authorities found string hanging from a vent in Appellant's cell. N.T. Hearing, 6/17/19, at 12. Appellant testified that he did not intend to attempt to hang himself, and that the string may have been left there by cell's prior occupant. *Id.* at 12-13.

Section 303, as pertinent here, authorizes involuntary emergency treatment for a person already subject to treatment under § 302[1] whenever the necessary treatment is likely to extend beyond 120 hours. 51 P.S. § 7303(a). To impose involuntary treatment under Section 303, the trial court must find by clear and convincing evidence that the subject is severely mentally disabled. *In re S.B.*, 777 A.2d 454, 456 (Pa. Super. 2000). Section 301 of the MHPA provides that a person is severely mentally disabled when, among other things, he is a clear and present danger to himself:

(2) Clear and present danger to himself shall be shown by establishing that within the past 30 days:

[…]

(ii) the person has attempted suicide and that there is the reasonable probability of suicide unless adequate treatment is afforded under this act. For the purposes of this subsection, a clear and present danger may be demonstrated by the proof that the

---

[1] 51 P.S. § 7302. Appellant does not dispute that he was subject to treatment under § 7302.

person has made threats to commit suicide and has committed acts which are in furtherance of the threat to commit suicide[.]

51 P.S. § 7301(b)(2)(ii).  On appeal, we must determine whether the record adequately supports the trial court's findings.  ***Commonwealth ex rel. Gibson v. DiGiacinto***, 439 A.2d 105, 107 (Pa. 1981).

The record in this case confirms that Appellant has attempted suicide on multiple occasions, and Dr. Chaudry opined that Appellant was likely to succeed unless he was treated.  Regardless of Appellant's denials, and his claim that he was not responsible for the string hanging from the vent in his cell, the record plainly supports the trial court's order.

We have reviewed the parties' briefs, the applicable law, the record of the June 7, 2019 hearing, and the trial court's opinion.  We affirm the order based on the trial court's well-reasoned opinion.  We direct that a copy of that opinion be filed along with this memorandum.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/27/2020

- 3 -

RECD SEP 0 9 2019

IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

IN THE INTEREST OF:

        M.G.          :       No. 2019-2142

Attorney for Appellant:           David Crowley, Esq.
Attorney for Appellee:            Daniel McGee, Esq.

## Opinion in Response to Matters Complained of on Appeal

**Ruest, P.J.**

M.G. (Appellant) filed an appeal on July 11, 2019 to a Report of the Mental Health Hearing Officer and an accompanying Order entered June 20, 2019, and an Order of Court entered June 25, 2019 denying Appellant's Petition for Review of Certification to Involuntary Inpatient Mental Health Treatment. Appellant filed a Concise Statement of Matters Complained of on Appeal on July 29, 2019. Upon review of Appellant's Statement, this Court respectfully maintains that no error was committed. By way of further explanation, the Court respectfully submits this Opinion pursuant to Pa.R.A.P. 1925(a).

## Background

The Mental Health Unit at the State Correctional Institution at Rockview (SCI-Rockview) filed a Petition for Extended Involuntary Treatment of Appellant on June 14, 2019 pursuant to section 303 of the Mental Health Procedures Act, 50 P.S. §7101, et seq. A hearing on the petition was held before Mental Health Hearing Examiner Sonja Napier on June 17, 2019. On June 18, 2019, Hearing Examiner Napier filed a report granting the petition and involuntary commitment of Appellant to inpatient treatment at the SCI-Rockview Mental Health Unit for a period not to exceed twenty (20) days. Appellant filed a Petition for Review of Certification to Involuntary Inpatient Mental Health Treatment on June 24, 2019. This Court denied Appellant's Petition on June 25, 2019.

□O □RD ⊠S                         Appendix "D"

Appellant filed a notice of appeal on July 11, 2019 and the Court ordered a concise statement on July 16, 2019. Appellant filed his concise statement on July 29, 2019.

## Discussion

Appellant raises one matter on appeal:

Did the government lack sufficient evidence to involuntarily commit Appellant to involuntary psychiatric treatment as it failed to present clear and convincing evidence of conduct supporting a conclusion that death or serious physical debilitation or bodily injury were likely imminent if he were not forced into treatment?

50 P.S. §7303 provides for Court-ordered involuntary treatment not to exceed twenty days. The statute specifically provides:

(a) ... Application for extended involuntary emergency treatment may be made for any person who is being treated pursuant to section 302 whenever the facility determines that the need for emergency treatment is likely to extend beyond 120 hours. The application shall be filed forthwith in the court of common pleas, and shall state the grounds on which extended emergency treatment is believed to be necessary.

50 P.S. §7303(a). A person who is severely mentally disabled may be subject to involuntary emergency examination and treatment when, as a result of his mental illness, that person's "capacity to exercise self-control, judgment and discretion in the conduct of his affairs and social relations or to care for his own personal needs is so lessened that he poses a clear and present danger of harm to others or to himself[.]" 50 P.S. 7301(a). A person poses a clear and present danger to himself when

(ii) the person has attempted suicide and that there is the reasonable probability of suicide unless adequate treatment is afforded under this act. For the purposes of this subsection, a clear and present danger may be demonstrated by the proof that the person has made threats to commit suicide and has committed acts which are in furtherance of the threat to commit suicide[.]

50 P.S. §7301(2)(ii). The government must prove by clear and convincing evidence that a person is in need of involuntary commitment and treatment beyond 120 hours. *In re Hancock*, 719 A.2d 1053, 1057 (Pa. Super. Ct. 1998).

2

Upon a Petition for Review of Appellant's involuntary commitment, this Court listened to the audio of the hearing held June 17, 2019 at SCI-Rockview. At the hearing, SCI-Rockview psychiatrist, Dr. Rashid Chaudry, M.D., testified that Appellant suffers from Unspecified Schizophrenia Spectrum Disorder, and has not taken his prescribed antipsychotic medication, Zyprexa. Appellant was referred to the Mental Health Unit at SCI-Rockview after he attempted to commit suicide while at the State Correctional Institution Phoenix. Appellant has had multiple suicide attempts in the past, and Dr. Chaudry testified that any future suicide attempts could be more lethal than the last. At the time of the hearing, personnel at the Mental Health Unit were still trying to assess Appellant because Appellant denied he attempted suicide, denied his history of mental illness, and was not willing to be forthcoming with information regarding his recent or past suicide attempts. Dr. Chaudry concluded Appellant was a danger to himself. The Court found Dr. Chaudry's assessment of Appellant demonstrated, by clear and convincing evidence, Appellant was in a present danger of inflicting harm on himself.

For all of the above reasons, the Court respectfully suggests that the Superior Court should affirm the Order of Court directing Appellant be committed to inpatient treatment at the Mental Health Unit at SCI-Rockview entered June 20, 2019, and the Order of Court entered June 25, 2019 denying Appellant's Petition for Review of Certification to Involuntary Inpatient Mental Health Treatment.

BY THE COURT:

_____
Pamela A. Ruest, President Judge

Date: September 6, 2019

3

Appendix "D-2"