539 A.2d 451

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Diane HAZUR.**

Superior Court of Pennsylvania.

Submitted Nov. 2, 1987.

Filed March 29, 1988.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Com., appellant.

David R. Lipka, Plymouth, for appellee.

Before OLSZEWSKI, WATKINS and CERCONE, JJ.

CERCONE, Judge:

This is a Commonwealth appeal from the order of the lower court of June 26, 1987 finding appellee, Diane Hazur, to be incompetent to stand trial and dismissing the charges of driving under the influence that were filed against her.

Appellee was arrested and charged with driving under the influence in Luzerne County. Trial was scheduled to begin on April 21, 1987. However, on that date appellee's counsel requested a hearing pursuant to the Mental Health Procedures Act 50 P.S. § 7401 *et seq.* which provides a procedure for determining a defendant's competency to stand trial. The court granted appellee's request and conducted a hearing on the matter. Testimony adduced at the competency hearing from Dr. Thomas Fiume, a psychiatrist,

established that appellee was currently under his care for depression. Appellee's treatment was the result of a suicide attempt precipitated by a divorce and alcohol abuse. Dr. Fiume stated that despite her depression, appellee was a supervising nurse to one hundred twenty patients, cared for her elderly parents, attended church functions and maintained her own home. It was Dr. Fiume's expert opinion that appellee could assist her attorney in preparing a defense but would not be able to testify in her own behalf as the thought of having to publicly explain her behavior was causing her to mentally break down and her depression to deepen perhaps to the point where she would become suicidal again. Following Dr. Fiume's testimony the court questioned appellee extensively concerning her comprehension of the charges and her understanding of the procedures that she would go through should her case go to trial. Appellee acknowledged her comprehension of all matters. At the close of the hearing the court continued the proceedings for sixty (60) days, ordered appellee to continue her treatment with Dr. Fiume and ordered that a progress report of her treatment be presented to the court. On June 22, 1987, a second hearing was conducted as to appellee's competency to stand trial. As before, Dr. Fiume testified that appellee could function socially but when a hearing date approached she became depressed and "decomposed" or broke down by crying or acting distressed. On June 26, 1987 the court issued an order dismissing the charges against appellee and stating that "the Court finds that due to the passage of time and its effect upon the criminal proceedings filed to the above term and number, it would be unjust to resume the prosecution against the defendant, Diane Hazur". This timely Commonwealth appeal followed.

The Commonwealth seeks review of the following issues: whether appellee established her incompetency to proceed to trial pursuant to 50 P.S. § 7403(a) [1] by clear and convinc-

1. **Hearing and determination of incompetency to proceed; stay of proceedings; dismissal of charges**
   (a) **Competency Determination and Burden of Proof.** The moving party shall have the burden of establishing incompetency to proceed

ing evidence and whether the lower court abused its discretion by dismissing the charge against appellee.[2]

The mental competence of an accused is regarded as an absolute and basic condition of a fair trial. *See Commonwealth v. Marshall,* 456 Pa. 313, 318 A.2d 724 (1974). A defendant asserting mental incompetence to stand trial has the burden of proving incompetency by clear and convincing evidence and the decision as to competency rests within the discretion of the trial judge whose determination will not be reversed unless it is unsupported by the record. *See Commonwealth v. Knight,* 276 Pa.Super. 348, 419 A.2d 492 (1980). The test for competency is whether the defendant can comprehend his position as one accused of an offense and cooperate with his counsel in making a rational defense. Under this test, a person may be competent to stand trial even if he has a history of mental illness. *See Commonwealth v. Tyson,* 485 Pa. 344, 402 A.2d 995 (1979); *Commonwealth v. Pifer,* 284 Pa.Super. 170, 425 A.2d 757 (1981). The Commonwealth maintains that the lower court erred in finding that appellee was not competent to stand trial and was not likely to regain her competence making a continuance of the proceedings unnecessary. In *Commonwealth v. Kennedy,* 451 Pa. 483, 305 A.2d 890 (1973), the court opined:

[T]he test to be applied in determining the legal sufficiency of his mental capacity to stand trial, or enter a plea at the time involved, is not the M'Naghten 'right or wrong' test, but rather his ability to comprehend his position as

by clear and convincing evidence. The determination shall be made by the court.

**2.** Section 7403 (e) of the Mental Health Procedures Act reads as follows:

**Resumption of Proceedings or Dismissal**—When the court, on its own motion or upon the application of the attorney for the Commonwealth or counsel for the defendant, determines that such person has regained his competence to proceed, the proceedings shall be resumed. If the court is of the opinion that by reason of the passage of time and its effect upon the criminal proceedings it would be unjust to resume the prosecution, the court may dismiss the charge and order the person discharged.

one accused of murder and to cooperate with his counsel, in making a rational defense ... Or stated another way, did he have sufficient ability at the pertinent time to consult with his lawyers with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him.

.　　.　　.　　.　　.

A man's right to a fair trial and a meaningful defense strike at the heart of due process of the law. If a defendant is incapable of cooperating with his defense counsel, because of mental illness he cannot take advantage of the basic protections the law affords to all men ... legal counsel is an absolute necessity in a criminal trial, and yet, if a man is provided with counsel, but unable to cooperate with his counsel because of mental illness, the protections which counsel can provide become a nullity.

Id., 451 Pa. at 487–88, 305 A.2d at 892–3 (citations omitted) Thus, a defendant's history of mental illness does not necessarily preclude his or her ability to stand trial for the test is not the nature of the mental illness but the defendant's comprehension of the charges filed and ability to cooperate in preparing a defense. *See Tyson, supra.*

■ Accordingly, we must review the record for any indication that appellee was unable to comprehend her position as one accused of a crime and was unable to assist her counsel in presenting a rational defense. Appellee, as the moving party, has the burden of establishing incompetency to proceed to trial by clear and convincing evidence. On the record before us we find that appellee has failed to do this.

■ The testimony of Dr. Fiume, appellee's psychiatrist, taken at both competency hearings established that appellee suffered from severe depression. As a hearing date in her case approached appellee would "decompose" or break down emotionally by crying and becoming more distressed. Dr. Fiume feared that appellee would possibly try suicide.

Appellee's distress was apparently triggered by her thoughts of having a criminal record if she were convicted and the disgrace she would suffer in her job and the community. But, Dr. Fiume also stated that appellee functioned socially, maintained a responsible job, cared for her elderly parents, maintained her own home, and attended church functions. When questioned as to appellee's ability to assist with her defense, Dr. Fiume testified that appellee understood the charges lodged against her and was cooperating by assisting her attorney. Moreover, the trial court also questioned appellee as to her comprehension of the charges and the procedures that she would go through should her case proceed to trial. Appellee answered all of the judge's questions affirmatively.

While we sympathize with the trauma that befalls appellee as a result of her arrest and charge with the crime of driving under the influence, her mental illness does not rise to the level contemplated by section 7403 (a) of the Mental Health Procedures Act. The legal qualifications of incompetency when determining whether a defendant is able to stand trial are not synonymous with those in medicine. Dr. Fiume's testimony was replete with his medical observations of appellee's inability to function emotionally during a criminal proceeding but when questioned as to appellee's comprehension of the charges and ability to cooperate in her defense—the legal test for incompetency—Dr. Fiume acknowledged that appellee was capable of functioning in this manner. Appellee did not demonstrate by clear and convincing evidence her inability to understand the nature and object of the proceedings against her nor an unwillingness or inability to assist with her defense. What appellee did present was a picture of an emotionally distressed but socially functioning defendant. Thus, we hold that the record does not support the lower court's finding that appellee was not competent to stand trial.

The Commonwealth next submits that the lower court abused its discretion by dismissing the charges against appellee on a finding that due to the passage of time and its

312

effect upon criminal proceedings it would be unjust to resume the prosecution against her. *See* 50 P.S. § 7403(e). Because of our disposition of the Commonwealth's first issue that appellee did not establish incompetency to stand . trial by clear and convincing evidence, we need not address the second. Dismissal of the charges is only appropriate when a defendant is found incompetent and then regains competency but too much time has lapsed in the interim making it unjust to continue the prosecution. This is not the situation herein.

Accordingly, the charge of driving under the influence is reinstated against appellee and this case is remanded for trial on the merits of the charge. Jurisdiction relinquished.