549 A.2d 198

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Susan Ellen McGARGLE, Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 1, 1988.

Filed Oct. 11, 1988.

Amy L. Hallenbeck, Assistant District Attorney, Montoursville, for Com., appellant.

William J. Miele, Williamsport, for appellee.

Before OLSZEWSKI, MONTGOMERY and HOFFMAN, JJ.

MONTGOMERY, Judge:

This is a Commonwealth appeal from an order finding Susan McGargle incompetent to stand trial and dismissing the charges against her. For the reasons below, we affirm in part and reverse in part.

■ The Commonwealth first contends that the trial court erred in finding appellee incompetent to stand trial. We disagree. Under the Mental Health Act, a person is incompetent to stand trial if she is substantially unable to understand the nature or object of the proceedings against her or to participate and assist in her defense. 50 P.S. § 7402(a). As our Supreme Court stated in *Commonwealth ex rel. Hilberry v. Maroney*, 424 Pa. 493, 227 A.2d 159 (1967), the accused must have sufficient ability to consult with an attorney with a reasonable degree of rational understanding and must have a rational as well as factual understanding of the proceedings. The evidence presented in the instant case was clearly sufficient to support the trial court's finding of incompetence. Dr. Kostas P. Kratsa testified that Mrs. McGargle is developmentally disabled and has diminished intellectual functioning much lower than normal. He stated that she did not understand the concepts of criminal charges, sentencing and punishment, nor is she able to understand the functions of the various people involved, i.e., her attorney, the police, the judge and the prosecutor. Dr. Kratsa's opinion was that she is incompetent based on mental retardation. He further opined that she is not able to participate in assisting with her defense. This evidence of Mrs. McGargle's incompetence was uncontradicted.[1] We find this evidence ample to support the trial

---

1. The only Commonwealth witness was Michael Hamm, prison release officer, who testified that Mrs. McGargle reported regularly to him but that she did not appear to understand why she came to see him.

court's finding of incompetence. *See, Commonwealth v. Davis*, 459 Pa. 575, 330 A.2d 847 (1975) (uncontradicted testimony proved appellant's incompetence to stand trial).

The more difficult question presented in this case is whether the trial court erred in dismissing the charges on the basis that there is a substantial probability that Mrs. McGargle's incompetence will continue in the foreseeable future. Under the Mental Health Act, a person who is found incompetent to stand trial may not, for that reason alone, be denied pretrial release. 50 P.S. § 7403(d). However, appellee has not been denied pretrial release but has been released on bond. Therefore, this section does not apply. If the person regains competence, but the court is of the opinion that by reason of the passage of time and its effect on the proceedings it would be unjust to resume the prosecution, the court may dismiss the charges. 50 P.S. § 7403(e). Since appellee has not, and in all likelihood will not, regain competence, this section does not apply either. *See, Commonwealth v. Hazur*, 372 Pa.Super. 306, 539 A.2d 451 (1988). We are not directed to, nor have we been able to find, either statutory or case law which provides for the dismissal of charges where the accused is incompetent and expected to remain so forever, as appears to be the case here. While we concede the pointlessness of reversing the trial court and reinstating charges for which appellee will most likely never stand trial, we are constrained to do so, absent any statutory authority for dismissal.

Insofar as the order adjudicates appellee incompetent, we affirm. That portion of the order dismissing the charges is reversed and the charges are reinstated. Jurisdiction relinquished.