J-S47008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JQUAN HUMPHREY | |
| Appellant | No. 582 MDA 2020 |

Appeal from the Order Entered February 21, 2020
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-2008-2017

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JQUAN HUMPHREY | |
| Appellant | No. 583 MDA 2020 |

Appeal from the Order Entered February 21, 2020
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0260-2018

BEFORE:  STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 26, 2021**

---

[*] Retired Senior Judge assigned to the Superior Court.

The Commonwealth of Pennsylvania appeals from the February 21, 2020 orders[1] dismissing charges against Appellee, Jquan Humphrey, pursuant to 50 P.S. § 7403(e) of the Mental Health Procedures Act ("MHPA"), 50 P.S. § 71701,[2] *et. seq*.  We reverse.

At docket number 2008 of 2017, the Commonwealth charged Appellee with one count of aggravated harassment by a prisoner, 18 Pa.C.S.A. § 2703.1, based on September 13, 2017 incident in which Appellee, while an inmate at SCI Brenner Township, allegedly threw a bag of urine on a corrections officer.  At docket number 260 of 2018, the Commonwealth charged Appellee with another count of aggravated harassment by a prisoner, based on a November 11, 2017 incident in which he allegedly spat on a corrections officer at SCI Brenner Township.

Appellee's counsel filed a motion for an examination of Appellee's competence to stand trial, and the trial court granted that motion on September 21, 2018 with the Commonwealth's agreement.[3]  After a May 16, 2019 hearing on that matter, the Commonwealth agreed that Appellee was not competent to stand trial.  At the conclusion of the hearing, the trial court

---

[1]  The Commonwealth filed a separate notice of appeal at each docket.

[2]  1970 Pa. Laws. 817, as amended.

[3]  Section 7403(a) of the MHPA authorizes the defendant to apply the trial court for an incompetency examination.  50 P.S. § 7403(a).

stayed the prosecution and directed that Appellee undergo sixty days of involuntary treatment through the Pennsylvania Department of Corrections ("DOC").[4] DOC contacted the Commonwealth on July 5, 2019, expressing uncertainty as to what to do in response to the trial court's order. The trial court entered an amended order on July 8, 2019, explaining that Appellee was to receive treatment pursuant to the MHPA. On August 14, 2019 DOC's legal department informed the Commonwealth that the Pennsylvania Department of Human Services ("DHS"), not DOC, was the agency responsible for providing competency restoration services. On October 25, 2019, the trial court signed an order directing Appellee's transfer to Torrance State Hospital Forensic Psychiatric Center ("Torrance") for competency restoration. On November 14, 2019, Torrance issued a letter denying entry to Appellee because he was a state inmate. Admission to Torrance would be available to Appellee only upon his parole or completion of his maximum sentence.

On December 5, 2019, Appellee filed motions to dismiss the charges at docket 2008 of 2017 and 260 of 2018 asserting that Appellee was unlikely to regain competency and that a trial on the underlying charges would be unjust due to the passage of time. The Commonwealth opposed the motion and requested, among other things, a reexamination of Appellee because there

---

[4] Section 7403(b) of the MHPA provides that a determination of incompetency effects a stay of the prosecution, and § 7403(c) requires a reexamination of competency not less than every 90 days. 50 P.S. § 7403(b), (c).

had been no competency examination after the initial one that was the subject of the May 16, 2019 hearing. The trial court conducted a hearing on February 7, 2020. On February 21, 2020, it entered an order granting Appellee's motion and dismissing the charges against Appellee.

The trial court relied on § 7403(e) of the MHPA, which provides in full as follows:

> **(e) Resumption of Proceedings or Dismissal.**--When the court, on its own motion or upon the application of the attorney for the Commonwealth or counsel for the defendant, determines that such person has regained his competence to proceed, the proceedings shall be resumed. If the court is of the opinion that by reason of the passage of time and its effect upon the criminal proceedings it would be unjust to resume the prosecution, the court may dismiss the charge and order the person discharged.

50 P.S. § 7403(e). The trial court relied on the second sentence of this subsection in support of its order.[5] The trial court concluded, "[w]hen there is a substantial probability that competency will not be restored for the foreseeable future, dismissal is appropriate." Trial Court Opinion, 2//19/20, at 3 (citing **Commonwealth v. McGargle**, 549 A.2d 198, 199 (Pa. Super. 1988).

---

[5] The trial court quotes directly from the second sentence of § 7403(e), but miscites it as § 7403(d). Trial Court Opinion, 2/19/20, at 3. Section 7403(d) does not apply here, as it governs discharge from detention but not dismissal of pending charges. Discharge from detention is not at issue because Appellee, at all relevant times, was incarcerated in state prison on other charges.

- 4 -

The Commonwealth argues, based on the first sentence of § 7403(e), that a decision on resumption or dismissal of proceedings occurs only after the trial court has determined that the defendant is competent to stand trial.[6] The Commonwealth presents this as an issue of statutory construction, a question of law for which our standard of review is *de novo* and our scope of review is plenary. ***Lynnebrook & Woodbrook Assocs., L.P. ex rel. Lynnebrook Manor, Inc. v. Borough of Millersville***, 963 A.2d 1261, 1262 n.2 (Pa. 2008).

We need not delve into the principles of statutory construction, as we find ***McGargle*** controlling. In ***McGargle***, the trial court found "a substantial probability that [the defendant's] incompetence will continue in the foreseeable future[,]" and therefore dismissed the charges. ***McGargle***, 549 A.2d at 199. The ***McGargle*** Court reversed:

> If the person regains competence, but the court is of the opinion that by reason of the passage of time and its effect on the proceedings it would be unjust to resume the prosecution, the court may dismiss the charges. 50 P.S. § 7403(e). **Since appellee has not, and in all likelihood will not, regain competence, this section does not apply either.** ***See, Commonwealth v. Hazur***, 539 A.2d 451 (Pa. Super. 1988). **We are not directed to, nor have we been able to find, either statutory or case law which provides for the dismissal of charges where the accused is incompetent and expected to remain so forever, as appears to be the case here.** While we concede the pointlessness of reversing the trial court and reinstating charges for which appellee will most likely

---

[6] This is one of three arguments the Commonwealth raises in its brief. We confine our analysis to this one because we find it dispositive.

never stand trial, we are constrained to do so, absent any statutory authority for dismissal.

*Id.* (emphasis added). Likewise, in *Hazur*, this Court wrote, "[d]ismissal of the charges is only appropriate when a defendant is found incompetent and then regains competency but too much time has lapsed in the interim making it unjust to continue the prosecution." *Hazur*, 539 A.2d at 454.

The trial court erred in citing *McGargle* for the proposition that dismissal is warranted where there is no probability that the defendant will regain competence. The *McGargle* Court, along with the *Hazur* Court, held precisely the contrary. Both cases read § 7403(e) to foreclose any decision on dismissal **until** the defendant regains competence. Thus, under § 7403(e) as construed in *McGargle* and *Hazur*, the trial court lacked statutory authority to dismiss the charges against Appellee in this case because it found that Appellee remains incompetent.

We are cognizant that the *McGargle* Court, in the quote above, noted the pointlessness of reinstating charges for which the defendant may never stand trial. Similarly, in this case, the trial court noted that Appellee might not be able to receive competency restoration services for 2½ to 13½ years, the remaining minimum and maximum term of Appellee's state sentence as of the writing of the trial court's opinion. Trial Court Opinion, 2/19/20, at 4. The record reveals that the Commonwealth was working to obtain services for Appellee, but there is no established procedure for providing competency restoration services to a state inmate. Despite these complications, this panel

- 6 -

is bound to adhere to § 7403(e) as construed by **McGargle** and **Hazur**. Section 7403(e) has not been amended since this Court decided those cases, and their holdings are binding here.  Any change in the law must come from an *en banc* panel of this Court, our Pennsylvania Supreme Court, or the Pennsylvania General Assembly.

Orders reversed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/26/2021