J-S05036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES LEWIS MOORE | : | |
| | : | |
| Appellant | : | No. 840 MDA 2021 |

Appeal from the PCRA Order Entered May 28, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003531-2017

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED:  JUNE 28, 2022**

Appellant, James Lewis Moore, seeks review of the Order denying his Petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA").  After careful review, affirm.

On April 27, 2017, the Commonwealth arrested Appellant and charged him with possession and distribution of child pornography.[1]  On July 5, 2018, Appellant's counsel filed a Motion to Dismiss pursuant to Pa.R.Crim.P. 600. On July 9, 2018, the date scheduled for trial, the Commonwealth informed the court that it had offered a sentence of three to six years' incarceration in exchange for Appellant's withdrawing his Rule 600 motion and entering a guilty plea. The Commonwealth also noted that it had informed Appellant that

---

[1] Appellant is a registered sex offender as a result of prior guilty plea convictions to federal child pornography offenses for which he was released from federal prison in 2016.  Tr. Ct. Op., filed 8/11/21, at 4 n.1.

it would seek the mandatory minimum sentence of twenty-five years' incarceration if a jury were to find him guilty. Appellant indicated to the court that he chose not to accept the plea offer. The court held the Rule 600 evidentiary hearing after which it denied the Rule 600 motion. The case proceeded to a jury trial that same day.

On July 10, 2018, the jury convicted Appellant of one count each of possession and distribution of child pornography. The court sentenced him to an aggregate term of twenty-five to fifty years' incarceration. He filed a post-sentence motion challenging, among other things, the denial of his Rule 600 motion. The court denied his post-sentence motion.

Appellant appealed, challenging only the denial of his Rule 600 motion. This Court affirmed Appellant's judgment of sentence and the Pennsylvania Supreme Court denied *allocatur* on February 4, 2020. **See Commonwealth v. Moore**, 214 A.2d 244 (Pa. Super. 2019), *appeal denied*, 224 A.3d 360 (Pa. 2020).

Appellant filed a timely, counseled PCRA Petition asserting that due to his life-long learning disabilities, he had not understood trial counsel's explanations about, or the implications of, the plea deal he rejected prior to litigating his Rule 600 motion and he had not been competent to stand trial. Appellant requested that the PCRA court "[1] Order an incompetency examination in accord with 50 P.S. § 7402; and [2] Permit Petitioner to

supplement his PCRA Petition as necessary." PCRA Petition, filed 12/21/20, at 12 (unpaginated).

The PCRA court[2] held an evidentiary hearing on May 28, 2021, at which Appellant testified that he had learning disabilities and that he attended special classes from kindergarten through twelfth grade. He testified that he understood about "40 percent" of the conversations he had had with trial counsel. N.T. PCRA Hr'g, 5/28/21, at 6. He further stated that, due to his learning disability, he did not "understand the rules, the law, or anything like that at all" and when trial counsel had explained the plea deal, he "didn't really understand it because he said, he told me to get the Rule 600, he had it taken out, but to me, he wasn't working for me. He was working for the [c]ourt. He wasn't working for me at all. Like, I said, what the heck? What he told me in private is different from he told me in the courtroom." *Id.* at 6-7.

In response to a question from the court, Appellant testified that he told his trial counsel "all the time" that he had a learning disability and that counsel had asked for his school record which, Appellant claimed, showed he graduated high school with a 2.9 GPA. *Id.* at 8. The court then asked Appellant if he remembered the colloquy it had had with Appellant at trial regarding his waiver of his right to testify, refreshing his recollection with the

---

[2] The Honorable Maria Musti Cook, the President Judge of the York County Court of Common Pleas, presided at both Appellant's trial and his PCRA hearing.

trial transcript, to which Appellant responded that he had answered that he understood the court's questions then because "my lawyer told me to … that I should waive it … because he knew my … he knew I wouldn't be able to handle the questions[.]" *Id.* at 10. With respect to the Rule 600 hearing, Appellant told the court that he insisted on having the Rule 600 hearing because "[m]y lawyer told me I was going to beat it." *Id.* at 11. Appellant said counsel allegedly told him, "I can win it or you can take the deal." *Id.* at 11. Appellant would not agree with the PCRA court that it was his decision to proceed to trial after he lost the Rule 600 motion; rather, he stated "[t]hat was my lawyer's best interests." *Id.* at 11-12. When the court stated, "I told you specifically that it was your decision, not his, and you told me you understood that[,]" Appellant replied, "I misunderstood. Sorry." *Id.* at 12. Appellant's trial counsel did not testify at his PCRA hearing. Appellant presented no other evidence.

> After argument from counsel, the court ruled from the bench as follows:
>
> We have taken [Appellant's] testimony today, who now indicates to the [c]ourt that he has such learning disabilities that he didn't understand any of the proceedings that he participated in despite telling the [c]ourt at the time that he did.
>
> We note further that we have no testimony from Attorney Eric White, who represented the Defendant, as to any difficulties expressed during the course of his representation of [Appellant].
>
> We do not believe that the case has been made for Post-Conviction Relief Act [sic].

*Id.* at 14.

- 4 -

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[3]

Appellant raises the same issue he presented in his Rule 1925(b) Statement:

> Did the PCRA [c]ourt err when it denied the Appellant's request for a [c]ourt-ordered competency evaluation based on a lack of testimony from prior counsel regarding discussion of his competency?

Appellant's Br. at 9.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

Section 9543 of the PCRA provides that a post-conviction claim will be addressed "if the petitioner pleads and proves by a preponderance of the evidence that: (1) he has been convicted of a crime under the laws of this Commonwealth; (2) he is serving a sentence of imprisonment, probation, or parole for the crime; and (3) his conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2)." **Commonwealth v. Descardes**, 136 A.3d 493, 499 (Pa. 2016). The enumerated error underpinning Appellant's claim that he was incompetent to assist in his own case is that "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the

---

[3] The court's Rule 1925(a) statement refers this Court to its August 11, 2021 Opinion filed in support of its decision to deny PCRA relief.

particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. §9543(a)(2)(i).

A petitioner may not obtain review of an allegation of error that has been previously litigated or waived. Section 9543(a)(3). Appellant here did not raise an issue of his competency before trial, during trial, post-trial or on direct appeal, thus implicating the PCRA waiver provision.

Our Supreme Court has, however, carved out an exception to the PCRA waiver rule when a petitioner asserts he was mentally incompetent at the time of trial. *See Commonwealth v. Brown*, 872 A.2d 1139, 1153 (Pa. 2005) (*plurality*) (in a capital case, holding that "the failure to raise on direct appeal a claim that the appellant was incompetent at the time of trial does not constitute a waiver of that claim for purposes of the PCRA.").[4] Thus, Appellant's claim is not subject to waiver for purposes of PCRA review.

In his brief to this Court, Appellant argues that the "sole issue in this Appeal is that the PCRA court erred when it denied his request for a competency evaluation [to prove] his claim that he was incompetent when making the decision to proceed with a Rule 600 hearing, rather than accepting the plea that was offered by the Commonwealth." Appellant's Br. at 16. Appellant avers that the PCRA court erred in finding that he "must establish some factual basis for his claim" to obtain a retrospective competency

---

[4] Although **Brown** was a plurality decision, the proposition quoted above garnered a majority view.

examination. *Id.* at 20. He also asserts that "based on the prior precedent of this Court, if the Petitioner was able to demonstrate that he suffered from an intellectual disability, he would be entitled to relief under the PCRA and his claim would have arguable merit; thus, he was entitled to either a new trial or a retrospective competency hearing pursuant to [*Commonwealth v. ]Santiago*[, 855 A.2d 682 (Pa. 2004)]." *Id.* at 22.[5]

It is well-established that a PCRA petitioner carries the burden of pleading and proving by a preponderance of the evidence that his claims have merit. *Commonwealth v. Smith*, 121 A.3d 1049, 1055 (Pa. Super. 2015); 42 Pa.C.S. § 9543(a).

"A defendant is presumed to be competent to stand trial." *Santiago*, 855 A.2d at 694. "[T]he burden is on Appellant to prove, by a preponderance of the evidence, that he was incompetent to stand trial." *Id.* This Court is bound by the PCRA court's credibility determinations "where there is record support for those determinations." *Id.* .

In *Santiago*, 855 A.2d at 693, the Pennsylvania Supreme Court disagreed with the PCRA appellant's claim that his assertion of incompetency automatically entitled him to a new trial. After citing case law from various circuits, the Court held that "whenever a court can conduct a meaningful hearing to evaluate retrospectively the competency of the defendant, such a

---

[5] Appellant cites to *Commonwealth v. McGargle*, 549 A.2d 198, 199 (1988), a case where the appellee was found incompetent prior to trial after an incompetency hearing.

hearing is *permissible*." **Id.**(emphasis added). The Court then concluded that the PCRA court had properly held a retrospective hearing and did not abuse its discretion in concluding Appellant had not established that he was incompetent at the time of his trial. **Id**. at 694-95.

Appellant relies on **Santiago** for the Court's articulation of a "test as to when a retrospective hearing may be held where the issue of a defendant's competency is raised in a PCRA petition[.]" **Id.** at 693. First, the PCRA court "must determine whether the [Petitioner's] PCRA petition raises a material issue of fact concerning whether he was competent at the time of trial such that he would be entitled to a hearing on the claim." **Id.** (citing Pa.R.Crim.P. 908(A)(2) (pertaining to PCRA hearings), **Commonwealth v. Banks**, 656 A.2d 467, 473 (Pa. 1995) (noting that where there are no disputed factual issues, a PCRA hearing is not necessary)). If the court determines that the Petition raises a material issue of fact, "the PCRA court must decide whether there exists sufficient evidence of defendant's mental status at the time of trial such that a hearing would be adequate to address the issue of competency, or whether the evidence is so lacking that a new trial must be awarded." **Santiago**, 855 A.2d at 693.

"In determining whether a meaningful retrospective hearing can take place, some of the factors that the PCRA court should consider are [1] the passage of time since the trial, [2] statements made by the defendant at trial, [3] the availability of contemporaneous medical and psychiatric evidence, and [4] the availability of witnesses—both expert and nonexpert—who could offer

testimony regarding the defendant's mental status at the time of trial. Such a determination is to be made on a case-by-case basis." *Id.* (internal citations omitted).

> We emphasize that a PCRA court need not have every type of evidence on this list in order for it to decide *whether a retrospective hearing may be held*. Furthermore, this list is not exhaustive. If the trial court finds some other type of evidence helpful in resolving whether a retrospective hearing may be held, the trial court *may receive such evidence*.

*Id.* (emphasis added).

Finally, the **Santiago** Court stated: "[w]e will not disturb a PCRA court's ruling as to whether a retrospective hearing should be held absent an abuse of discretion." *Id.* at 693-94.

Based on our review of the record, we conclude the PCRA court properly exercised its discretion in dismissing Appellant's petition. **Santiago** does not support Appellant's "sole argument" that the court erred in requiring him to establish a factual basis for his request for a retrospective competency evaluation. **Santiago** did not nullify the PCRA's established requirement that a PCRA petitioner bears the burden to prove by a preponderance of the evidence that his claim has merit. Moreover, **Santiago** clearly states that a PCRA court must, in the first instance, consider **evidence** to determine whether to hold a retrospective incompetency hearing. *Id.* at 693. This evidence includes, among other things, "statements made by the defendant at trial," and "the availability of witnesses … who could testify as to the

defendant's mental status at the time of trial." *Id. Santiago* further explicitly states, "[i]f the trial court finds some other type of evidence helpful in resolving whether a retrospective hearing may be held, the trial court may *receive* such evidence." *Id.* (emphasis added). Thus, Appellant's claim—that the court erred in requiring that he establish a factual basis to obtain a retrospective competency evaluation to support his bald claim that his learning disability rendered him unable to understand his lawyer—is without merit.

Further, Appellant made no effort to present any evidence at the PCRA hearing to support his claim of incompetence, aside from his own testimony. That testimony, in essence, was that he followed the advice of counsel and he only understood 40% of what counsel explained to him. As the PCRA court noted, Appellant did not call his trial counsel who, more than anyone, could have provided information about whether Appellant was "incapable of meaningfully assisting in his defense at the relevant time." *Commonwealth v. Blakeney*, 108 A.3d 739, 775 (Pa. 2014) (Castille, C.J., concurring) (citation omitted). Further, Appellant provided none of the school records that he testified he had provided to trial counsel before trial that would indicate that his learning disability was so severe that he was unable to help in his own defense.

Instead, Appellant provided only his own testimony about which the PCRA court expressed its reservations as to its credibility. *See* N.T. at 14 (stating Appellant "**now** indicates … that he has such learning disabilities that

he didn't understand any of the proceedings that he participated in **despite telling the [c]ourt at the time that he did.**").  The PCRA judge, who also presided at Appellant's trial and, thus, had observed Appellant's demeanor throughout the proceedings, weighed Appellant's PCRA testimony against his trial testimony to conclude that Appellant had failed to present evidence to support his PCRA claim of incompetence and it, thus, warranted no relief under the PCRA.  ***See id.***

Appellant's claim of incompetence, raised post-sentencing, suggests he is suffering from "buyer's remorse." He has not convinced us that the PCRA court abused its discretion in denying his request for a retrospective competency evaluation and hearing and by dismissing his Petition.  We, thus, affirm the order denying Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/28/2022