413 A.2d 729

**COMMONWEALTH of Pennsylvania**

v.

**Joseph KERRIGAN, Appellant.**

Superior Court of Pennsylvania.

Argued July 10, 1979.

Filed Nov. 2, 1979.

Mark E. Kogan, Philadelphia, for appellant.

Sandy L. Byrd, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WIEAND, Judge:

Joseph Kerrigan was arrested in September, 1976, and charged with the strangulation death of Laurie Glassmyer, a twenty-one year old student, and with possession of an instrument of crime. A psychiatric report prepared on November 4, 1976, disclosed that appellant was suffering from chronic paranoid schizophrenia and that he was incompetent to stand trial. He was committed to the Philadelphia State Hospital at Byberry. Subsequent examinations on December 7, 1976, and January 31, 1977, confirmed that he was incompetent for purposes of trial, and criminal detention was continued.

Kerrigan's counsel then filed a petition to dismiss criminal charges which he alleged appellant was entitled to receive under Section 403(d) of the Mental Health Procedures Act of July 9, 1976, P.L. 817, No. 143, 50 P.S. § 7403(d). A hearing thereon was held before the Honorable Merna B. Marshall on April 13, 1977. After hearing psychiatric testimony and observing Kerrigan, Judge Marshall denied the petition.[1] Kerrigan appealed. We affirm.

---

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

1. Appellant's medical records were subsequently reviewed by Judge Marshall at sixty day intervals, during which time appellant remained incompetent. A second hearing on May 5, 1978, and reexamination on December 4, 1978, again resulted in additional determinations that appellant was incompetent to stand trial. His criminal detention thus continues.

The applicable law regarding criminal detention of persons found incompetent to stand trial is found in Section 403 of the Mental Health Procedures Act at 50 P.S. § 7403:

§ 7403. Hearing and determination of incompetency to proceed; stay of proceedings; dismissal of charges.

(a) Competency Determination and Burden of Proof.— The moving party shall have the burden of establishing incompetency to proceed by clear and convincing evidence. The determination shall be made by the court.

(b) Effect as Stay—Exception.—A determination of incompetency to proceed shall effect a stay of the prosecution for so long as such incapacity persists, excepting that any legal objections suitable for determination prior to trial and without the personal participation of the person charged may be raised and decided in the interim.

(c) Defendant's Right to Counsel; Reexamination.—A person who is determined to be incompetent to proceed shall have a continuing right to counsel so long as the criminal charges are pending. Following such determination, the person charged shall be reexamined not less than every 90 days by a psychiatrist appointed by the court and a report of reexamination shall be submitted to the court and to counsel.

(d) Effect on Criminal Detention.—Whenever a person who has been charged with a crime has been determined to be incompetent to proceed, he shall not for that reason alone be denied pretrial release. Nor shall he in any event be detained on the criminal charge longer than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If the court determines there is no such probability, it shall discharge the person. Otherwise, he may continue to be criminally detained so long as such probability exists but in no event longer than the period of time specified in subsection (f).

(e) Resumption of Proceedings or Dismissal.—When the court, on its own motion or upon the application of the attorney for the Commonwealth or counsel for the defend-

ant, determines that such person has regained his competence to proceed, the proceedings shall be resumed. If the court is of the opinion that by reason of the passage of time and its effect upon the criminal proceedings it would be unjust to resume the prosecution, the court may dismiss the charge and order the person discharged.

(f) Stay of Proceedings.—In no instance, except in cases of first and second degree murder, shall the proceedings be stayed for a period in excess of the maximum sentence of confinement that may be imposed for the crime or crimes charged or ten years, whichever is less. In cases of a charge of first or second degree murder, there shall be no limit on the period during which proceedings may be stayed.

(g) Procedure When Person Is Discharged.—If the person of the defendant is discharged pursuant to subsection (d), but the charges remain open pursuant to subsection (f), the court discharging the defendant shall, on its own motion or on the motion of the Commonwealth or on the motion of the defense, order the defendant to submit to a psychiatric examination every 12 months after said discharge of the person, to determine whether the defendant has become competent to proceed to trial. If such examination reveals that the defendant has regained competency to proceed, then a hearing shall be scheduled and the court shall determine, after a full and fair hearing, whether the defendant is competent to proceed. If the defendant is adjudged competent, then trial shall commence within 90 days of said adjudication. If such examination reveals that the defendant is incompetent to proceed, the court shall order the defendant to submit to a new competency examination in 12 months.

Appellant argues that the court's refusal to dismiss the charges contravenes Section 403(d), and also *Jackson v. Indiana,* 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)[2]

**2.** In *Jackson,* a deaf mute charged with robbery had been criminally detained for three and one-half years. Because doctors gave him little chance of becoming competent to stand trial, the Supreme

and *Commonwealth v. McQuaid*, 464 Pa. 499, 347 A.2d 465 (1975),[3] because there is no substantial probability that he will become competent to stand trial. There are several reasons why this argument cannot prevail.

Initially, it will be observed that subsection (d) of Section 403 of the statute pertains to a discharge from detention and not a dismissal of pending charges. Under subsection (d), a person must be discharged from criminal detention if the court finds no substantial probability that he will become competent to stand trial. In that event, however, criminal charges are not dismissed. Instead, Section 403(g) becomes applicable and expressly provides, inter alia, for trial on the criminal charges when it is determined that defendant has become competent to proceed.

It is subsection (e) of Section 403 which provides for the dismissal of criminal charges. The test to be applied is whether "the passage of time and its effect upon the criminal proceedings" make it "unjust" to resume the prosecution. Subsections (d) and (e) of Section 403 were directed to two separate and distinct legislative concerns. Consequently, the test which is determinative of discharge from detention and the standard for dismissal of charges are entirely different.

■ Appellant failed to offer any evidence that it would be "unjust" to resume prosecution in the event that he once

Court of the United States held that his indefinite commitment violated due process.

3. Relying on *Jackson v. Indiana*, supra, the Pennsylvania Supreme Court determined that McQuaid's fifteen year pretrial commitment due to incompetency amounted to indefinite commitment and could not continue without the safeguards of civil commitment. McQuaid had been detained under the pretrial commitment section of the Mental Health and Mental Retardation Act of October 20, 1966, special sess. No. 3, P.L. 96, 50 P.S. § 1401 et seq. In response to *Jackson* and *McQuaid*, the legislature replaced the old act with the present MHPA, which adopts the procedures recommended by those two cases. See "Pennsylvania's New Mental Health Law", 48 P.B. A.Q. 482 (1977).

again became competent. Also, he has not advanced such an argument on appeal. In the absence of evidence to support a finding of unjustness in the event of resumed prosecution, appellant is not entitled to an order dismissing the criminal charges against him.

Appellant also is not entitled to a discharge from detention. The trial court found from adequate medical evidence that there exists "substantial probability" that he will regain competence. The credibility and weight of the evidence were for the trial court, and we will not substitute our judgment for that of the judge who heard the witnesses and observed the defendant. Our review is limited to determining whether the findings of the trial judge are supported by the record and whether the inferences and legal conclusions based thereon are correct. Cf. *Commonwealth v. Williams*, 476 Pa. 344, 382 A.2d 1202 (1978).

We conclude, therefore, that the denial of appellant's petition to dismiss the homicide charge was proper and consistent with the Mental Health Procedures Act and *Commonwealth v. McQuaid*, supra. In the future, subsection (c) will require psychiatric examinations and the submission of reports to the court every ninety days. This guarantees continuing consideration of appellant's progress, or the lack thereof, and will enable the court to take prompt action in the event of material change in the condition of appellant's mental health.

Order affirmed and case remanded for further proceedings.