J-A21016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KWABENA SINCLAIR | : | No. 61 EDA 2021 |

Appeal from the Order Entered November 19, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001771-2017

BEFORE: KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JANUARY 18, 2023**

This case returns to us following remand from our Supreme Court. ***See***

***Commonwealth v. Sinclair***, ___ A.3d ___, 2022 WL 9730517 (Pa. filed Oct.

17, 2022) (***Sinclair II***) (*per curiam* order). The Commonwealth appeals from

the order dismissing charges of aggravated assault, simple assault, possessing

an instrument of crime, and recklessly endangering another person[1] that were

filed against Appellee Kwabena Sinclair. The Commonwealth contends that

the trial court failed to determine if Appellee was competent to stand trial and

erred in dismissing the charges. After review, we vacate the order and remand

for further proceedings consistent with this memorandum.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(4), 2701(a), 907(a), and 2705, respectively.

The trial court summarized the relevant facts and procedural history of this case as follows:

The instant matter stems from a January 31, 2017, incident where [Appellee] was arrested and accused of shooting his 71-year-old mother, Constance Rivers, multiple times in the arm and chest with a pellet gun causing injuries that required medical treatment. On June 27, 2017, [Appellee] was found incompetent and committed for thirty (30) days to prison health services wing. [Appellee] was accepted into Mental Health Court and on August 3, 2017, [Appellee] was found not competent to proceed and committed to Norristown State Hospital for another sixty (60) days which began his long stint with the Mental Health Court program.

On June 28, 2018, the Honorable Sheila Woods-Skipper, vacated [Appellee's] Norristown State Hospital commitment, and [Appellee] was recommitted as not competent under [50 P.S. § 7305 (section 305) of the MHPA] to placement for up to 180 days. [Appellee's] bail modification motion was granted and changed from monetary bail to Sign Own Bond in the amount of $35,000. [Appellee] was paroled on July 5, 2018, and transported to Southwest Nu Stop Housing of Change, located at 4807 Germantown Avenue, Philadelphia, PA.

[Appellee] remained in compliance with the conditions of the program, however, following the death of his mother, from cancer not related to the incident, [Appellee's] compliance deteriorated. At the March 21, 2019, status listing, [Appellee] arrived late and revealed that his mother had passed away. On April 4, 2019, [Appellee] was found to not be medication compliant and experiencing behavioral problems at his placement. On May 9, 2019, [Appellee] was found not compliant, bail was reinstated at $35,000 monetary and [Appellee] was taken into custody.

On August 13, 2019, [Appellee] was found competent but in need of treatment and was committed to the Detention Center Forensic Unit for thirty (30) days. On September 10, 2019, [Appellee] was found not competent to proceed by agreement and committed for sixty (60) days to the Detention Center Forensic Unit, pending additional placement. On January 14, 2020, having secured new placement, [Appellee's] bail was modified to Sign Own Bond in the amount of $35,000, and he was transported to Guadenzia New

Outlooks in Philadelphia, PA, when bed space became available. On February 11, 2020, [Appellee] was found to be in compliance with the Mental Health Court treatment plan.

On June 18, 2020, the [Appellee] was once again found in compliance with the treatment plan and was given permission to move in with his girlfriend to begin to live independently while maintaining compliance with Mental Health Court treatment plan. On July 23, 2020, [Appellee] was still living independently at a new address because of bug and rodent infestations in the previous two residences but still compliant and in contact with his case manager. At the October 10, 2020 hearing it was reported that [Appellee] had no new arrests and was engaged in mental health treatment but was not receiving case management and it was not apparent where [Appellee] was currently residing.

At the November 19, 2020 hearing defense counsel reported that [Appellee's] location was unknown and they were unable to get in contact with [Appellee]. [Appellee] had not been receiving case management, and it was reported by [Appellee's] peer specialist that contact with [Appellee] has been sporadic, he was not focused and most likely not medication compliant. It was also reported by the Commonwealth that [Appellee] has had no new arrests.

[Appellee] had moved from his previously known address, and his peer specialist did not know his current whereabouts.

This court weighed the option of issuing a bench warrant for [Appellee] but reconsidered following a discussion with defense counsel and the Commonwealth. The complaining witness, the [Appellee's] mother, had passed away from cancer not related to the incident, and the other eyewitness, the decedent's brother and [Appellee's] uncle, was last in contact with the Commonwealth in November of 2019. Since, the court had released [Appellee] to independent living, he had incurred no new arrests. There was no record of a current address for [Appellee] so he did not have service for the hearing. The culmination of these circumstances prompted defense counsel to move for a discharge stating that she saw no reason to really continue to follow this case anymore.

Based on the circumstances, this court discharged the case against [Appellee on November 19, 2020.]

Trial Ct. Op., 2/16/21, at 1-3 (record citations and quotation marks omitted, and some formatting altered).

The Commonwealth filed a timely notice of appeal, and both the trial court and the Commonwealth complied with Pa.R.A.P. 1925. The Commonwealth presented the following issue:

> Did the [trial] court err by dismissing charges of aggravated and simple assault, possessing an instrument of crime, and recklessly endangering another person at a status listing concerning [Appellee's] mental health treatment?

Commonwealth's Brief at 4.

In a prior memorandum, this Court vacated the trial court's order dismissing the criminal charges against Appellee. *Commonwealth v. Sinclair*, 61 EDA 2021, 2021 WL 5409891 at *5 (Pa. Super. filed Nov. 19, 2021) (*Sinclair I*) (unpublished mem.).[2] In *Sinclair I*, we concluded that pursuant to *Commonwealth v. Hazur*, 539 A.2d 451 (Pa. Super. 1988), and *Commonwealth v. McGargle*, 549 A.2d 198 (Pa. Super. 1988), dismissal of

---

[2] We note that when this matter was initially before our Court, Appellee argued that the Commonwealth waived its issue on appeal by failing to raise it before the trial court or in its Rule 1925(b) statement. Appellee's Brief at 14-16. We disagreed and concluded that the Commonwealth preserved the issue, and we declined to find waiver. *See Sinclair I* at *3. Although Appellee raised his waiver claim in the petition for allowance of appeal, our Supreme Court did not address it or grant allowance of appeal on the issue. *See* Pet. for Allowance of Appeal, 12/17/21; *see also Sinclair II*, 2022 WL 9730517 at *1. Our Supreme Court granted allowance of appeal and remanded for reconsideration only with respect to the application of *Humphrey*. *See Sinclair II*, 2022 WL 9730517 at *1. Accordingly, we reaffirm our conclusion that the Commonwealth's issue was preserved for appeal. *See Sinclair I* at *3.

charges against a defendant who was declared incompetent is appropriate only where that defendant is found to have regained competency. *Sinclair I* at *4-5. Accordingly, we remanded for the trial court to first determine whether Appellee had regained competency as a threshold finding before the trial court could decide if dismissal of the criminal charges was warranted pursuant to 50 P.S. § 7403(e)[3] of the Mental Health Procedures Act (MHPA).[4] *See id.* at *5.

Following the decision in *Sinclair I*, Appellee filed a timely petition for allowance of appeal. While Appellee's petition for allowance of appeal was pending, our Supreme Court issued its decision in *Commonwealth v. Humphrey*, 283 A.3d 275 (Pa. 2022). In *Humphrey*, our Supreme Court abrogated *Hazur* and *McGargle*, and it held that the trial court is not required to find the defendant has regained competency before determining if dismissal of criminal charges is warranted. The *Humphrey* Court stated:

---

[3] Section 7403(e) provides as follows:

> **(e) Resumption of Proceedings or Dismissal**.—When the court, on its own motion or upon the application of the attorney for the Commonwealth or counsel for the defendant, determines that such person has regained his competence to proceed, the proceedings shall be resumed. If the court is of the opinion that by reason of the passage of time and its effect upon the criminal proceedings it would be unjust to resume the prosecution, the court may dismiss the charge and order the person discharged.

50 P.S. § 7403(e).

[4] 50 P.S. §§ 7101-7503.

we now hold that Section 7403(e) does not condition the dismissal of criminal charges on the defendant's restoration of competence. Instead, as noted, the statutory provision affords trial courts the discretion to dismiss criminal charges if the court is of the opinion that by reason of the passage of time and its effect upon the criminal proceedings it would be unjust to resume the prosecution. This interpretation of Section 7403(e) affords trial courts discretion to dismiss the criminal charges where it would be unjust to resume prosecution, regardless of whether the defendant has regained competency, thereby placing the decision in the hands of the trial court, which is best able to render such determination on a case-by-case basis, subject to review on appeal for an abuse of discretion.

*Humphrey*, 283 A.3d at 294-95 (citation and footnote omitted and some formatting altered).

Subsequent to the decision in *Humphrey*, our Supreme Court granted Appellee's petition for allowance of appeal, vacated *Sinclair I*, and remanded the matter to this Court for reconsideration in light *Humphrey*. *See Sinclair II*. This matter is now ripe for disposition.

As noted previously, the trial court dismissed the charges against Appellee pursuant to Section 7403(e). We note that in deciding the question of competency, the trial court "should enter upon a careful and complete inquiry, and [the] decision should be an informed one, based on evidence. . . . Where the decision is not based on proper or sufficient evidence we will order the case remanded so that the [trial court] may make an informed decision." *Commonwealth v. Knight*, 419 A.2d 492, 497 (Pa. Super. 1980) (citations omitted and some formatting altered). When reviewing an order dismissing criminal charges pursuant to Section 7403(e), "[o]ur review is limited to determining whether the findings of the trial judge are supported

by the record and whether the inferences and legal conclusions based thereon are correct." ***Commonwealth v. Kerrigan***, 413 A.2d 729, 731-32 (Pa. Super. 1979) (citation omitted).

Here, the trial court noted that Appellee's whereabouts were unknown, the complainant was deceased, the Commonwealth had not been in contact with the surviving witness for more than a year, and Appellee had not incurred any new arrests after his release to independent living. ***See*** Trial Ct. Op., 4-5; ***see also*** N.T., 11/19/20, at 3-7. After considering these factors, the trial court explained that it wanted "to discharge it all together" and stated "the matter is discharged . . . the case is closed." N.T., 11/19/20, at 7-8.

However, the record reflects that the November 19, 2020 hearing in this matter was brief, and the transcript spans only eight pages. ***See*** N.T., 11/19/20, at 1-8. Moreover, the trial court did not provide support for its conclusions or discuss Section 7403. Upon reconsideration in light of ***Humphrey***, we conclude that remand is necessary.

Although ***Humphrey*** explains that Section 7403(e) does not condition the dismissal of charges on the defendant's restoration of competency as a threshold finding, ***see Humphrey***, 283 A.3d at 294-95, there is nothing in ***Humphrey*** that abrogates the requirements of Section 7403(c) which mandates periodic reexaminations of competency. ***See*** 50 P.S. § 7403(c).[5]

_____

[5] Section 7403(c) states:

*(Footnote Continued Next Page)*

Rather, the **Humphrey** Court acknowledged in remanding to this Court that it may be necessary for this Court to remand to the trial court for the defendant in **Humphrey** to be reexamined in compliance with Section 7403(c). **See Humphrey**, 283 A.3d at 295 n.22.

Here, while the trial court stated that it was dismissing the charges, there was no evidence or discussion on the record concerning Appellee's current competency status. Additionally, the trial court did not state that due to the passage of time resuming the prosecution would be unjust, nor did it provide an explanation concerning why resuming the prosecution would be unjust pursuant to Section 7403(e). **See** N.T., 11/19/20, at 1-8. The trial court dismissed the charges without consideration or reference to Sections 7403(c) and (e).

The record reflects that the last order for a determination of Appellee's competency was filed on February 11, 2020, and the order directed that Appellee was to appear for a competency determination on April 14, 2020. Order, 2/11/20. However, upon review of the record, there was no competency determination made on April 14, 2020, or at any time thereafter.

---

**(c) Defendant's Right to Counsel; Reexamination.**—A person who is determined to be incompetent to proceed shall have a continuing right to counsel so long as the criminal charges are pending. Following such determination, **the person charged shall be reexamined not less than every 90 days by a psychiatrist appointed by the court and a report of reexamination shall be submitted to the court and to counsel.**

50 Pa.C.S. § 7403(c) (emphasis added).

Rather, the docket entries reflect that the most recent competency determination was on October 23, 2019, where Appellee was found incompetent to stand trial.

Given the passage of time since Appellee's last competency determination, in addition to the lack of evidence adduced at the November 19, 2020 hearing, we conclude that on this record, the trial court erred in dismissing the charges. **See Kerrigan**, 413 A.2d at 731-32. As such, we conclude that it is necessary to remand this matter to the trial court for a competency determination in compliance with Section 7403(c), and to supplement the record accordingly. **See Humphrey**, 283 A.3d at 295 n.22; **see also Knight**, 419 A.2d at 497.

For these reasons, we vacate the trial court's order and remand for further proceedings consistent with this memorandum. Our decision is without prejudice to Appellee's ability to file a motion to dismiss the charges.[6]

Order vacated. Case remanded with instructions.[7] Jurisdiction relinquished.

---

[6] Should Appellee file a motion to dismiss, we conclude that it is likely that the disposition of the motion will require further development of the record including, at a minimum, reexamination of Appellee's competency and present ability to proceed to trial.

[7] On remand, the trial court is ordered to comply with Section 7403(c) and direct Appellee to undergo periodic competency evaluations for as long as he remains incompetent to stand trial.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/18/2023